## COMMONWEALTH OF MASSACHUSETTS

NORFOLK ,SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: 17    0659

GREGORY RALEIGH,                              )
     *Plaintiff*                                )
                                )
     v.                                         )       **COMMPLAINT AND DEMAND**
                                 )       **FOR JURY TRIAL**
DAVID S. FINNERTY,                           )
JOSEPH SACCO,                                )
and MBTA ,                                   )
     *Defendants*                               )

1.     Plaintiff, Gregory Raleigh, is an individual residing at 45 Birchwood Road, Apt. 235, Randolph, Norfolk County, Massachusetts.

2.     The MBTA is an incorporated government entity within the Commonwealth of Massachusetts and with the responsibility to provide all necessary public safety services within its territory.

3.     Defendant, David S. Finnerty, is a police officer  employed at all times relevant to this Complaint by the  MBTA Police Department.

4.     Defendant, Joseph Sacco, is a police officer  employed at all times relevant to this Complaint by the  MBTA Police Department.

5.     That on or about May 5, 2016, as a result of the injuries, Plaintiff served notice to the MBTA pursuant to Massachusetts General Laws, Chapter 258, section 4, that she intended to hold the City of Brockton liable for the injuries sustained. (A true and accurate copy is attached as exhibit 1).

## FACTUAL ALLEGATIONS

6.     On or about June 13, 2014, Plaintiff, Gregory Raleigh, an African American Male, age 52,  boarded and MBTA bus ( "Number 1 Harvard") near the Hynes Auditorium at Mass Ave. and remained on the bus until he exited at Dudley Square bus stop.

7.     Plaintiff, Gregory Raleigh, exited the bus and  remained at the Dudley Square bus stop for about 20 minutes until his connecting bus "23 Ashmont" arrived.

8.     Plaintiff, Gregory Raleigh, then entered the "23 Ashmont" bus and swiped his bus pass and proceeded down the bus aisle and attempted to seat himself down on a seat located near the rear of the bus.

9.      Suddenly, and without provocation, he was attacked from behind.  He was first grabbed and then subjected to a choke hold.

10.     Plaintiff's assailant did not identify himself as an MBTA Police Officer.

11.      Thereafter, Plaintiff, Gregory Raleigh, was subjected to physical force and was thrown out of the rear of the bus and he landed head first onto the concrete pavement.

12.     Plaintiff, Gregory Raleigh,  was  then was "maced", "tazed" and attacked by two M.B.T.A Police Officers later identified as David S. Finnerty and Joseph Sacco.

13.     Plaintiff, Gregory Raleigh, was then arrested by the two aforementioned Police Officers.

14.     As a direct result of the impact with the concrete, Mr. Raleigh required oral surgery and also suffered injury to his knee.

15.     Plaintiff, Gregory Raleigh, was subsequently was charged with disorderly conduct, trespassing and resisting arrest.

16.     When Plaintiff, Gregory Raleigh, was arraigned, he Raleigh received a copy of the police report, authored by Officer David Finnerty, which was and is factually incorrect.

17.     Defendant, Officer David S. Finnerty, wrote in his report  (attached as exhibit 2, MBTA Police Report ) that at 6:30 p.m. , within the Silver Line bus #1223 operated by Alwyn Griffiths, that he confronted Plaintiff, Gregory Raleigh who was refusing to leave the bus (exhibit 2, paragraph 1).

18.     Defendant, Officer David S. Finnerty, then claimed that my client implied negligence on the part of the driver, whose driving caused my client to loose a tooth (exhibit 2, paragraph 2).

19.     Defendant, Officer David S. Finnerty's,  narrative, then states that  he told the injured Plaintiff, Gregory Raleigh, to leave or he would be arrested for trespassing.

20.     At no time prior to his physical conflict with Plaintiff  Defendant, Officer David S. Finnerty, in his narrative ever attempt to call for medical aid for the injured Plaintiff, Gregory Raleigh.

21.     Defendant, Officer David S. Finnerty's, narrative intentionally and falsely attributes Plaintiff, Gregory Raleigh's injuries and lost tooth upon the MBTA's bus driver for operating the bus in negligent fashion rather than admit that as a direct result of the officer's attack upon Plaintiff.

22.     Plaintiff, Gregory Raleigh, denies that Officer Finnerty's story is accurate.

23.     Plaintiff, Gregory Raleigh, denies he refused to leave bus 1223 (Silverline) as

had never been on it.

## COUNT I
### NEGLIGENCE V. MBTA (M.G.L.c. 258 Section 2)

24.     Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in paragraphs 1 through 14 of this Complaint as if set out in full herein.

25.     At all relevant times, the MBTA through its Police Department, acted under color of law when wrongfully arresting Plaintiff, Gregory Raleigh, negligently causing him grievous bodily injury.

26.     The MBTA through its Police Department, used excessive force upon the person of Plaintiff, Gregory Raleigh, which amounted to negligence and/or gross negligence and indifference to Plaintiff's rights. This negligence/gross negligence was the proximate cause of Plaintiff's physical suffering.

27.     The MBTA through its Police Department, through its agents and employees, knew or should have known that the use of excessive force caused Plaintiff, Gregory Raleigh, to suffer physical damage to his health and/or safety and further acted in a fashion that was deliberate indifference to Plaintiff's health when it refused to provide Plaintiff with medical relief for a period of 7-8 hours.

28.     The MBTA through its Police Department is directly liable and responsible for the acts of its police officers whose acts and/or omissions with respect to the physical harm suffered by Plaintiff, Gregory Raleigh, and the lack of medical care and treatment of provided Plaintiff, Gregory Raleigh, evidenced a deliberate indifference to Plaintiff's medical needs.

WHEREFORE, Plaintiff, Gregory Raleigh,, respectfully requests this Honorable Court to award judgment against the Defendant, MBTA, together with interest and costs in actual and compensatory damages, punitive damages, and attorney's fees.

## COUNT II
### DENIAL OF U.S. CONSTITUTIONAL RIGHTS: VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT) ( V. MBTA)

29.     Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in paragraphs 1 through 28 of this Complaint as if set out in full herein.

30.     Plaintiff, Gregory Raleigh, pursuant to the Eighth and Fourth Amendment of the United States Constitution has a due process right to medical care.

31.     The Defendant, MBTA, through its entire Police Department which was on staff during the period beginning at 5:30-P.M. on June 13, 2014 and ending June 14, 2014, at 1 A.M., failed to provide Plaintiff with medical treatment for broken/dislodged tooth.

32.     The Defendant, MBTA, through its entire Police Department which was on staff during the period beginning at 5:30- P.M. on June 13, 2014 and ending June 14, 2014, at 1 A.M.,  was deliberately indifferent to Plaintiff's medical needs and willfully and intentionally denied Plaintiff of necessary medical care.

33.     The Defendant, MBTA, through its entire Police Department which was on staff during the period beginning at 5:30- P.M. on  June 13, 2014 and ending June 14, 2014, at 1 A.M., delay in providing medical care to Plaintiff, Maria Dowland, caused or exacerbated Plaintiff's pain and suffering.

34.     The Defendant, MBTA, willfully failed to train its entire Police Department which was on staff during the period beginning at 5:30- P.M. on  June 13, 2014 and ending June 14, 2014, at 1 A.M., to provide medical treatment for arrested citizen's that requested medical assistance.

35.     The Defendant, MBTA, policymakers were deliberately indifferent to the need to train its entire Police Department which was on staff during the period beginning at 5:30- P.M. on  June 13, 2014 and ending June 14, 2014, at 1 A.M., to provide medical treatment for arrested citizen's that requested medical assistance resulting in the failure to act that caused the needless pain and suffering.

36.     The Defendant, MBTA, through its entire Police Department, failure to provide medical treatment violated, Plaintiff, Gregory Raleigh's, civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

37.     As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

          WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defend-ant, MBTA, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT III
## DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT)
## ( V. DAVID S. FINNERTY)

38.     Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in paragraphs 1 through  37 of this Complaint as if set out in full herein.

39.    Plaintiff, Gregory Raleigh, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

40.    The actions of Defendant, David S. Finnerty, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Gregory Raleigh, violating, Plaintiff, Gregory Raleigh's civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

41.    As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, David S. Finnerty, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

### COUNT IV
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
### VIOLATION OF M.G.L.c. 12 Section 11I
### ( V. DAVID S. FINNERTY)

42.    Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in paragraphs 1 through 33 of this complaint as if set out in full herein.

43.    Plaintiff, Gregory Raleigh, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

44.    The actions of Defendant, David S. Finnerty, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Gregory Raleigh, violating, Plaintiff, Gregory Raleigh's civil rights as guaranteed by the United States Constitution .

45.    The actions of Defendant, David S. Finnerty, were an interference, or attempted interference, with the exercise or enjoyment of rights secured by the Constitution of the United States, or of Massachusetts, by means of threats, intimidation, or coercion.

45.    As a direct and proximate result of the actions of the Defendant, David S. Finnerty, as alleged herein, Plaintiff, Gregory Raleigh, was deprived of his legally protected rights under the Massachusetts Civil Rights Act in violation of M.G.L.c 12

Section 1II.

45.     As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, David S. Finnerty, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT V
### ASSAULT
### ( V. DAVID S. FINNERTY)

46.     Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in paragraphs 1 through 37 of this Complaint as if set out in full herein.

47.     The  intentional and unjustified actions of Defendant, David S. Finnerty, placed Plaintiff, Gregory Raleigh, in apprehension of an immediate harmful or offensive contact with Plaintiff's person, thereby causing an assault upon him.

48.     As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, David S. Finnerty, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VI
### BATTERY
### ( V. DAVID S. FINNERTY)

Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in paragraphs 1 through 48 of this Complaint as if set out in full herein.

49.     The  intentional and unjustified actions of Defendant, David S. Finnerty, resulted in a harmful or offensive contact with the plaintiff's person, thereby causing a battery upon him.

50.     As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, David S. Finnerty, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VII
### USE OF EXCESSIVE FORCE
### ( V. DAVID S. FINNERTY)

51.     Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in paragraphs 1 through  51 of this Complaint as if set out in full herein.

52.     The  intentional and unjustified use of  force  by Defendant, David F. Finnerty, upon the non-resisting person of Plaintiff, Gregory Raleigh, resulted in Plaintiff suffering severe bodily.

53.     As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

54.     Defendant, David F. Finnerty's use of force while arresting Plaintiff was extreme and excessive.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, David S. Finnerty, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VIII
### DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
### VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT)
### ( V.  JOSEPH SACCO)

55.     Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in

paragraphs 1 through 55 of this Complaint as if set out in full herein.

56. Plaintiff, Gregory Raleigh, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

57. The actions of Defendant, Joseph Sacco, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Gregory Raleigh, violating, Plaintiff, Gregory Raleigh's civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.

58. As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, Joseph Sacco, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT IV
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
### VIOLATION OF M.G.L.c. 12 Section 11I
### ( V. JOSEPH SACCO)

59. Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in paragraphs 1 through 59 of this complaint as if set out in full herein.

60. Plaintiff, Gregory Raleigh, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

61. The actions of Defendant, Joseph Sacco, while acting within the scope of his employment and under the authority and color of state law, included the use unnecessary and excessive force upon the person of Plaintiff, Gregory Raleigh, violating, Plaintiff, Gregory Raleigh's civil rights as guaranteed by the United States Constitution .

45. The actions of Defendant, Joseph Sacco, were an interference, or attempted interference, with the exercise or enjoyment of rights secured by the Constitution of the United States, or of Massachusetts, by means of threats, intimidation, or coercion.

45. As a direct and proximate result of the actions of the Defendant, Joseph Sacco, as

alleged herein, Plaintiff, Gregory Raleigh, was deprived of his legally protected rights under the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

62.    As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, Joseph Sacco, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT V
## ASSAULT
### ( V. JOSEPH SACCO)

63.    Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in paragraphs 1 through 63 of this Complaint as if set out in full herein.

64.    The intentional and unjustified actions of Defendant, Joseph Sacco, placed Plaintiff, Gregory Raleigh, in apprehension of an immediate harmful or offensive contact with Plaintiff's person, thereby causing an assault upon him.

65.    As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, Joseph Sacco, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VI
## BATTERY
### ( V. JOSEPH SACCO)

66.    Plaintiff, Gregory Raleigh, incorporates by reference the allegations set forth in

paragraphs 1 through 66 of this Complaint as if set out in full herein.

67.    The intentional and unjustified actions of Defendant, Joseph Sacco, resulted in a harmful or offensive contact with the plaintiff's person, thereby causing a battery upon him.

68.    As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, Joseph Sacco, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VI
## USE OF EXCESSIVE FORCE
## ( V. JOSEPH SACCO)

69.    Plaintiff, Gregory Raleigh,  incorporates by reference the allegations set forth in paragraphs 1 through  69 of this Complaint as if set out in full herein.

70.    The intentional and unjustified use of force  by Defendant, David F. Finnerty, upon the non-resisting person of Plaintiff, Gregory Raleigh, resulted in Plaintiff suffering severe bodily.

71.    As a result thereof, Plaintiff, Gregory Raleigh, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

72.    Defendant, Joseph Sacco's use of force while arresting Plaintiff was extreme and excessive.

WHEREFORE, Plaintiff, Gregory Raleigh, demands judgment against Defendant, Joseph Sacco, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

Respectfully Submitted,

The Plaintiff, Gregory Raleigh,
By his Attorney

Daniel M. Hutton, Esq.
BBO No: 631845
Law Office of Daniel M. Hutton
Two Cabot Place, Unit 7
Stoughton, MA  02072
(781) 344-4477

# EXHIBIT 1

# DANIEL M. HUTTON, ESQ.

*Attorney at Law*
Six Cabot Place, Unit 8
Stoughton, Massachusetts  02072

Telephone  (781) 344-4477

Facsimile  (781) 344-4800

June 1, 2016

MASSDOT/MBTA
Law Department
10 Park Plaza, Room 7760
Boston, MA 02116

**Re: My Client:  Gregory Raleigh**
    **Your Employees: MBTA Police Officers David S. Finnerty, Joseph Sacco**
    **DOL: 6/13/2014**

Dear MBTA/Law Department,

Please allow this letter to serve as notice that this office represents Mr. Gregory Raleigh in his claim and/or controversy against the MBTA.  Additionally, please allow this letter to serve as  a formal demand made in compliance with **M.G.L.c. 258, Section 4, and/or M.G.L.c. 268A**, on behalf of my client, Mr. Raleigh, for the bodily injuries he suffered as a result of excessive force and wrongful arrest made by the MBTA that occurred on 6/13 /2013. This excessive use of force  and wrongful arrest  violated Mr. Raleigh's ' U.S. Constitutional Rights, his Massachusetts Civil Rights and caused him physical and emotional suffering, bodily injury as well interference use personal property, and financial loss which includes medical bills and attorney fees. Additionally, the police officer implies that a MBTA Bus driver, Alvin Griffiths, may have caused my client to loose a tooth.  If that allegation by the MBTA police subsequently is proven correct then my client has a prima facia claim that the aforementioned bus driver operated his vehicle in a negligent fashion.

## I.    FACTS

On or about **June 13, 2014**, at approximately 5 P.M., Mr. Gregory Raleigh, a 52 year old African American Male, born in Boston Massachusetts boarded and MBTA bus ( "Number 1 Harvard") near the Hynes Auditorium at Mass Ave. he remained on the bus until he exited at Dudley Square bus stop.  He then remained at the bus stop for about 20 minutes until his connecting bus "23 Ashmont" arrived.  He then entered the "23 Ashmont" bus and swiped his bus pass and proceeded down the bus aisle and attempted to seat himself down on a seat located near the rear of the bus.

Suddenly, and without provocation, he was attacked from behind.  He was first grabbed and then subjected to a choke hold.  His assailant did not identify himself as an MBTA Police Officer.  Thereafter he was subjected to excessive physical abuse.  Mr. Raleigh was then forced

out of the rear of the bus and he was thrown head first onto the concrete.  He was "maced", "tazed" and attacked by M.B.T.A Police Officers David S. Finnerty and Joseph Sacco.  As a result of the impact with the concrete, Mr. Raleigh required oral surgery and also suffered injury to his knee.  Thereafter, the Police arrested my client.

Mr. Raleigh subsequently was charged with disorderly conduct, trespassing and resisting arrest.  When he was arraigned Mr. Raleigh received a copy of the police report, authored by Officer David Finerty, which according to Mr. Raleigh is fiction.

The report states (attached as exhibit 1, MBTA Police Report ) that at 6:30 p.m. , that on Silver Line bus #1223 operated by Alwyn Griffiths, Officer Finnerty confronted my client who was refusing to leave the bus (exhibit 1, paragraph 1).  The Officer claims that my client implied negligence on the part of the driver, whose driving caused my client to loose a tooth (exhibit 1, paragraph 2).  Most outrageously, according to the Officer's own fictitious narrative, rather than obtaining for medical help for my client, the Officer writes he told my client to leave or he would be arrested for trespassing.  Most cynically, in his writing, the officer attempts to blame the MBTA's bus driver for the injuries that my client suffered as a direct result of the officer's attack upon my client's person.  (Note, if on the off chance that the driver assumes responsibility for the lost tooth suffered by my client, allow this to serve as notice of a claim of negligent operation of a vehicle which caused my client to loose a tooth).

My client denies that Officer Finnerty's story is accurate and claims it is a complete work of fiction.   Simply put, he never refused to leave bus 1223 (Silverline) as had never been on it.  Rather he arrived at the Dudley Square Station via the "No. 1 Harvard" bus,  waited 20 and then entered the "23 Ashmont Street" bus.

There was no reason to arrest my client let alone use such force on my client during the arrest justified.

## II. MEDICAL TREATMENT

As a result of the attack my client has required oral surgery at Comfort Dental, Beacon Street,  Brookline, Boston, MA for the damage that my client.  Additionally, my client treated at Carney Hospital  and the Boston Medical Center for injuries that both of his knees suffered as a result of the fight and presently still walks with a cane as a result of the incident.  Obviously my client had numerous contusions to his body.  There is an issue as to whether the right knee, which was injured during the altercation might still require surgery.

## III.   DISABILITY PERIOD

Mr. Raleigh suffered temporary disability for the period beginning 6/13/14 until the present date.  To date he still suffers from residual pain in his right knee and walks with a cane and might ultimately require surgery.

IV.    DEMAND

In light of the medical bills, injuries, and disability period, the false arrest, the use of excessive force, the denial of Massachusetts (M.G.L.c. 12, sec. 11I) and Federal Constitutional rights (42 U.S.C.1983), and  Mr. Gregory Raleigh demands $300,000.00 to settle this matter in full.

Respectfully,

Daniel M. Hutton, Esq.
The Law Office Daniel M. Hutton
Six Cabot Place, Unit 8
Stoughton, MA  02072
(781) 344-4477
BBO No: 631845

cc/General Manager, Rail and Transit, MASSDOT/MBTA

Sent Via
Certified Mail # 7010 2780 0001 0151 8731

# EXHIBIT 2

MBTA TRANSIT POLICE DEPARTMENT

| et. Case No. | t2. Supp No. | | | | CONTINUATION PAGE |
|---|---|---|---|---|---|
| 2014-0006680A | 000 | | | | |

| | | | cto. Reported Date | c11. Time |
|---|---|---|---|---|
| n28. Residence Address 2 | | INVOLVED PERSONS | 06/13/2014 | 18:15 |

n30. Phone
**(617) 888-9964**

**NARRATIVE**

1. On Friday June 13, 2014, I, Officer Finnerty, was assigned to the S336 Dudley Station patrol. At approximately 6:10 p.m. I was walking through the station in the area of the Silver Line Busway when an unidentified patron stopped me and stated a MBTA bus operator needed help on a bus, and pointed towards Silver Line Bus #1223 (SL5). I approached and spoke to the operator, identified as Operator Alwyn Griffiths, stated a male party was on the bus and refused to get off. All other passengers had disembarked the bus, and the male party, later identified as Mr. Gregory A. Raleigh, became aggressive and started to yell at Operator Griffiths.

2. I boarded the bus and approached Mr. Raleigh, who was seated in the mid-section of the bus. I asked Mr. Raleigh what was wrong, to which he replied in an aggressive manner, "The fuckin' bus driver has a passenger endorsement and doesn't know how to fuckin' drive." I asked Mr. Raleigh if he would explain what he meant by the statement and pulled a loose tooth from his mouth, and said, "My fuckin' tooth got knocked out!", I again asked Mr. Raleigh to explain how this happened, and he continued his obscenity laced tirade in the direction of Operator Griffiths. Mr. Raleigh refused to cooperate and was asked to exit the bus. Mr. Raleigh stood up and stated, "I'm not fuckin' afraid of you, I grew up in Roxbury!" Mr. Raleigh exited the bus, however he stopped short, turned and stepped towards me in an aggressive manner. I took a step back and told Mr. Raleigh to leave the station, to which he replied, "No!". I issued a verbal notice of trespass to Mr. Raleigh and advised him he would be arrested if he did not leave MBTA property. Mr. Raleigh began to walk away. I contacted Transit Police Control via my portable radio and advised them a party had been ejected from the station.

3. As Mr. Raleigh was walking away, he stopped at the Route #23 bus stop in the station and did not move. I again advised Mr. Raleigh he would be placed under arrest if he did not leave. Officer Sacco arrived on scene to assist. Mr. Raleigh looked at me and stated, "Fuck you, I don't have to leave, fuck you!" Other patrons in the area, including children, moved out of Mr. Raleigh's way. Mr. Raleigh started to walk towards Washington St, however he continued to stop, turn, and step towards me in an aggressive manner. I took hold of Mr. Raleigh, placed him in an escort position, and with the assistance of Officer Sacco, began to escort Mr. Raleigh out of the station.

4. Mr. Raleigh jerked his body away from us and attempted to escape our grasp, all the while stating he didn't have to leave the station. I advised Mr. Raleigh he was under arrest for trespassing and told him to turn around and place his hands behind his back, to which he replied, "You're not arresting me, I'm fuckin' leaving now." Officer Sacco and I attempted to gain control of Mr. Raleigh, but he continued to jerk his body in an effort to escape. Both Officer Sacco and I told Mr. Raleigh to stop resisting. Officer Sacco and I walked Mr. Raleigh over to an advertisement post and attempted to place him in handcuffs. Mr. Raleigh continued to tell us he wasn't under arrest twisted his body away from us, and moved his hands towards his torso prohibiting us from placing him in handcuffs. A large crowd began to surround Officer Sacco and I. All of whom began to... ...all at both of us. Additional units were requested to assist with crowd control. I deployed my department issued pepper spray (Sabre Red 1.33% Major Capsaicinoids/10% Oleoresin Capsicum) and told Mr. Raleigh to stop resisting or he would be sprayed. Mr. Raleigh continued to fight us, and resist our efforts to place him into custody. I gave

| ubmitted By Officer, I.D. | | t2. Approving Officer's Name, I.D. | | Page |
|---|---|---|---|---|
| NERTY, DAVID S | 544 | FITZGERALD, DANIEL S | 297 | 2 |

MBTA TRANSIT POLICE DEPARTMENT

| c1. Case No. | c2. Supp No. | | | CONTINUATION PAGE | |
|---|---|---|---|---|---|
| 2014-0005680A | 000 | | | c10. Reported Date 06/13/2014 | c11. Time 16:16 |

NARRATIVE

Mr. Raleigh another warning to stop resisting or he would be sprayed, to which he failed to comply. I delivered a one second burst of my department issued pepper spray to the facial area of Mr. Raleigh.

5.     In an effort to gain control over Mr. Raleigh, we used an armbar takedown to bring Mr. Raleigh to the ground. At this point the spray began to take effect and Mr. Raleigh lowered his resistance level and we were able to place him into handcuffs. Mr. Raleigh was transported by the W749 (Officer Lok) to MBTA Transit Police Headquarters to be booked per department policy. During the transport and in the booking room Mr. Raleigh was given the opportunity to decontaminate from the pepper spray.


Finnerty (544)

---

| omitted By Officer, I.D. | | | 2. Approving Officer's Name, I.D. | | Page | |
|---|---|---|---|---|---|---|
| NERTY, DAVID S | | 544 | FITZGERALD, DANIEL S | | 297 | 3 END |

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>**1782CV00659** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Gregory Raleigh vs. David S Finnerty et al | Walter F. Timilty, Clerk of Courts |
|---|---|

| TO: Daniel M. Hutton, Esq.<br>Law Office of Daniel M. Hutton, Esq.<br>2 Cabot Place<br>Unit 7<br>Stoughton, MA 02072 | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 08/28/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 09/27/2017 | |
| All motions under MRCP 12, 19, and 20 | 09/27/2017 | 10/27/2017 | 11/27/2017 |
| All motions under MRCP 15 | 07/24/2018 | 08/23/2018 | 08/23/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 05/20/2019 | | |
| All motions under MRCP 56 | 06/19/2019 | 07/19/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/18/2019 |
| Case shall be resolved and judgment shall issue by | | | 05/29/2020 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br><br>**05/30/2017** | ASSISTANT CLERK | PHONE |
|---|---|---|

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK ,SS.

GREGORY RALEIGH,
   *Plaintiff*

v.

DAVID S. FINNERTY,
JOSEPH SACCO,
and MBTA ,
   *Defendants*

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO:

**APPOINTMENT OF
SPECIAL PROCESS SERVER
UNDER RULE 4C**

)
)
)
)
)
)
)
)
)

  Now comes Plaintiff, Gregory Raleigh, and respectfully moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Honorable Court appoint, **Jerold Loomis, Constable, and/or any of his employees, designee's or servants as process server in this matter,** qualified and knowledgeable persons in the service of all court process, limited to any and all pre-judgment service of process. The undersigned swears that to the best of his knowledge and belief the person to be appointed is eighteen years of age or over and is not a party in this case and a disinterested person.

           Daniel M. Hutton, Esq.
           BBO No: 631845
           Law Office of  Daniel M. Hutton
           Six Cabot Place, Unit 8
           Stoughton, MA  02072
           (781) 344-4477

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE

    Deputy Assistant Clerk
    5/30/17

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

THIS ACTION CAME ON FOR HEARING BEFORE THE Court,_____, presiding upon Plaintiff's Motion for appointment of a Person to Serve Process, and thereupon, consideration thereof, it is Ordered and Adjudged that: **Jerold Loomis, Constable,** and/or any of his employees, designee's or servants are appointed Special Process Server for the express purpose of serving any and all prejudgment service of process in this action pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure.

Dated:      by:_____
         Title:_____

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>17   0659 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S): | Gregory Raleigh | COUNTY |
| ADDRESS: | 45 Birchwood Road, Apt. 235,<br><br>Randolph, MA 02368 | |
| | | DEFENDANT(S): DAVID S. FINNERTY, JOSEPH SACCO, and MBTA |
| ATTORNEY: | Daniel M. Hutton, Esq. | |
| ADDRESS: | 2 Cabot Place, Unit 7<br><br>Stoughton, MA 02072 | ADDRESS: MASSDOT/MBTA<br><br>Law Department<br><br>10 Park Plaza, Room 7760 |
| BBO: | 631845 | Boston, MA 02116 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>AB1<br><br>*If "Other" please describe: | TYPE OF ACTION (specify)<br>Negligence: Civil Rights Violation/Excessive Force | TRACK<br>A | HAS A JURY CLAIM BEEN MADE?<br>[X] YES      [ ] NO |
|---|---|---|---|

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $
2. Total doctor expenses ......................................................... $ 4,988.96
3. Total chiropractic expenses ................................................ $
4. Total physical therapy expenses ......................................... $
5. Total other expenses (describe below) .............................. $ 651.00
Dental
Subtotal (A): $ 5,639.96
B. Documented lost wages and compensation to date ....................................................
C. Documented property damages to dated ................................................................ $
D. Reasonably anticipated future medical and hospital expenses ................................ $
E. Reasonably anticipated lost wages .......................................................................... $
F. Other documented items of damages (describe below) ............................................ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff suffered neck ,back, right leg sprain, bleeding on the right knee, broken tooth/crown.  Plaintiff was subjected to

excessive force

TOTAL (A-F):$ | $25,000.00

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X

Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                   Date: May 18 2017